## No. 3267.

### EMMA J. THACKER v. THOMAS DUNN.

It is clearly shown in this case that there has been a great discrepancy between the amounts of revenues and expenditures in the administration of the minor's estate. The excess of the expenditures should fall upon the defendant. As he assumed the functions and discharged the duties belonging of right only to a tutor, and had exclusive control of the person of the minor, of his property and its revenues, so he must be held to the responsibilities of a tutor.

The court below erred in not overruling the exception to its jurisdiction in regard to annulling the mortgage granted by plaintiff to defendant. The defendant filed an account as administrator. That instrument has also the character of a tutorship account. The account shows a considerable balance against the minor, the present plaintiff, who, at the instance of the defendant, executed a mortgage on her property to secure the payment of that balance.

The administrator's account was homologated by order of the judge a quo. The mortgage has for its basis the account so homologated. That the judge a quo has jurisdiction of the suit to annul the amount and the order homologating it, there can be no doubt. The annulment of the account and judgment of homologation carries with it necessarily the annulment of the mortgage, because it expunges the amount of the assumed indebtedness for which the mortgage was given, thereby sweeping away the basis upon which it rested.

APPEAL from the Second District Court, parish of Orleans. *Duvigneaud*, J. *Fellows & Mills*, for plaintiff and appellee. *T. Gilmore & Sons*, for defendant and appellant.

TALIAFERRO, J. This action is brought to annul a mortgage executed by the plaintiff, as she alleges, through error on her part and fraud on the part of the defendant, to secure an amount of indebtedness pretended by him to have arisen from his administration of the succession of the plaintiff's mother, and presented by the defendant's account of that administration, homologated by judgment of the Second District Court of New Orleans. The plaintiff prays also the annulment of said account of administration, and the judgment homolo-

gating the same. The answer is a general denial. The defendant specially denies that he was ever the tutor to the plaintiff during her minority, or that he is liable to her in that capacity. There was an exception taken to the jurisdiction of the court, which was sustained as to the act of mortgage. The court rendered judgment annuling the administrator's account and the order homologating it, and ordered the administrator to file within twenty days a full and complete account of his administration of the said estate. From this judgment the defendant appeals.

The plaintiff was left at an early age, by the death of her father and mother, without any known relatives. At the instance of a priest who had been the spiritual adviser of her mother, and by a promise made to her father by the defendant, he took upon himself the administration of the estate of Mary Thacker. It seems that a man named Finch had been appointed tutor to the minor, and that she lived a year or two in his house; but beyond signing his name a few times to instruments presented to him, we do not find that he ever did any act in the capacity of tutor.

The entire control and management of all the property of the succession of Mary Thacker, the residuum of which belonged to the minor, was in the hands of the defendant as administrator; that the minor went to live with him; it appears that he had the personal care of her and superintended her education; that he settled the debts of the succession, paying some of them out of his own means, and preserving for the minor a house and lot in the city of New Orleans, worth some five or six thousand dollars, the rent of which he collected. In the year 1865, the minor, at the age of about fourteen years, was upon advice of her friends sent by the defendant to a convent school in Kentucky, where she remained until she graduated in 1869, and returned to New Orleans in July of that year. In 1870 she was emancipated, and in February following the defendant filed his final account of administration, which was presented to the plaintiff, and after citation to her was homologated. It showed a balance against the plaintiff of $3107 84. For this sum she executed the mortgage which she now seeks to annul in this action.

It is announced on the part of the defendant that he has no other account to render than the one at first presented, and on the part of the plaintiff it is suggested that a final judgment may properly be rendered by this court upon the evidence and data before it.

We incline to think the litigation may be terminated here, and proceed to examine the evidence with that view. The account of the administrator gives with precision the various items of expenses incurred for the minor's education and a detailed statement of her

revenues arising from rents. It is chiefly to the charges of the administrator of expenses incurred for the maintenance, clothing and education of the minor that his account is sought to be annulled, and the ground taken is that the expenses greatly exceed the revenues, and the administrator is held liable as the tutor of the minor, and so held to account, and therefore is not entitled to credit for any expenditures on the minor's account above the amount of her revenues, which were amply sufficient for all the purposes of the expenditure necessary on her account. The plaintiff's counsel have with much industry presented a tabulated statement formed from the accounts, showing the amounts of revenues and expenditures, by which it would appear that the latter have considerably exceeded the former. The deductions of the excess of expenditures over the revenues being made from the amount of balance against the administrator, as stated in his account, to wit: $3107 84, there appears a balance in favor of the defendant of only $918 30, to which amount the plaintiff asks that his demand against her be reduced. We see no objection to this reduction. It is clearly shown that there has been a great discrepancy between the amounts of revenues and expenditures, and we think the excess of the expenditures should fall upon the defendant. As he assumed the functions and discharged the duties belonging of right only to a tutor, and had exclusive control of the person of the minor and of her property and its revenues, so he must be held to the responsibilities of a tutor.

The court below, we think, should have overruled the exception to its jurisdiction in regard to the annulment of the mortgage. The defendant filed an account as administrator. That instrument has also the character of a tutorship account. The account shows a considerable balance against the minor, the present plaintiff, who, at the instance of defendant, executed a mortgage on her property to secure the payment of that balance. The administrator's account was homologated by order of the judge *a quo*. The mortgage has for its basis the account so homologated. That the judge *a quo* has jurisdiction of the suit to annul the account and the order homologating it, there can be no doubt. The annulment of the account and judgment of homologation carries with it necessarily the annulment of the mortgage, because it expunges the amount of the assumed indebtedness for which the mortgage was given, thereby sweeping away the basis upon which it rested. *Sublato fundamento cadit opus.*

It is therefore ordered that the judgment of the district court be annulled and avoided. It is further ordered that the account rendered by the administrator be amended, so as to reduce the indebtedness thereupon shown in favor of the defendant from $3107 84 to $918, the amount now fixed as due by the plaintiff to the defendant; that the

note and mortgage executed by the plaintiff to secure the payment of the said sum of $3107 84 be annulled, and the same are declared void and without effect. It is now ordered that the said account, as amended, be homologated and confirmed. It is further ordered that the plaintiff pay costs in the court below, the defendant and appellee paying costs of this appeal.

Rehearing refused.